UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**JUDGE NORGLE**

**MAGISTRATE JUDGE NOLAN**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | 07 CR 821 |
| | ) | |
| v. | ) | Violations: Title 18, |
| | ) | United States Code, |
| ROGELIO AGUIRRE, | ) | Sections 1201(a)(1) and |
| ANTONIO VASQUEZ, | ) | 1201(c) and 2. |
| DAVID VIZCARRA, | ) | |
| and JACINTO VIZCARRA | ) | |

**FILED**

FEB - 7 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

<u>COUNT ONE</u>

The SPECIAL JUNE 2007 GRAND JURY charges:

1. From on or about December 3, 2007, and continuing to on or about December 7, 2007, at Summit, in the Northern District of Illinois, Eastern Division, and elsewhere,

ROGELIO AGUIRRE,
ANTONIO VASQUEZ,
DAVID VIZCARRA,
and JACINTO VIZCARRA

defendants herein, did conspire with each other and with others known and unknown to the Grand Jury to knowingly and unlawfully seize, confine, kidnap, and hold for ransom a person, namely Victim A, and did willfully transport Victim A in interstate commerce from Indiana to Summit, Illinois.

2. It was part of the conspiracy that defendants AGUIRRE, VASQUEZ, and DAVID VIZCARRA agreed to take Victim A by force and against her will and to hold her for a ransom of approximately $50,000.

3. It was further part of the conspiracy that defendant AGUIRRE recruited and promised to pay defendants VAZQUEZ and DAVID VIZCARRA, as well as a third participant, approximately

$3,000 each for their participation in the kidnaping of Victim A.

4. It was further part of the conspiracy that defendant AGUIRRE told defendants VAZQUEZ and DAVID VIZCARRA that he would lure Victim A to a service plaza in Indiana under false pretenses in order to permit defendants VAZQUEZ and DAVID VIZCARRA to forcibly take Victim A from the service plaza against her will and to transport her to an apartment rented by defendant AGUIRRE in Summit, Illinois.

5. It was further part of the conspiracy that defendants VAZQUEZ and DAVID VIZCARRA recruited defendant JACINTO VIZCARRA to help drive Victim A from the service plaza in Indiana to defendant AGUIRRE's apartment in Summit, Illinois.

6. It was further part of the conspiracy that defendants VAZQUEZ, DAVID VIZCARRA, and JACINTO VIZCARRA took Victim A by force and against her will from the service plaza in Indiana and drover her to the apartment in Summit, Illinois.

7. It was further part of the conspiracy that defendants ANTONIO VAZQUEZ and DAVID VIZCARRA held Victim A in the apartment by force and against her will at the apartment in Summit, Illinois.

8. If was further part of the conspiracy that, after taking Victim A to the apartment in Summit, defendant VAZQUEZ made multiple telephone calls to Victim A's family at the direction of defendant ROGELIO AGUIRRE. During these calls defendant VAZQUEZ demanded approximately $50,000 in cash from Victim A's family in exchange for Victim A's safe release.

9. It was further part of the conspiracy that, during the time that Victim A was being held by force and against her will in the apartment, defendants VAZQUEZ and DAVID VIZCARRA allowed Victim A to speak with defendant AGUIRRE over a cellular telephone. During the ensuing conversation, defendant AGUIRRE demanded the payment of approximately $50,000 from Victim

A for her release.

## Overt Acts

10. It was further part of the conspiracy that defendants AGUIRRE, ANTONIO VASQUEZ, DAVID VIZCARRA, and JACINTO VIZCARRA committed one or more of the following acts, among others, in furtherance of and to effect the objects of the conspiracy:

a. On or about December 4, 2007, at a location in the Northern District of Illinois, defendant AGUIRRE offered to pay defendant VASQUEZ to kidnap Victim A.

b. On or about December 4, 2007, at a location in the Northern District of Illinois, defendants AGUIRRE, VASQUEZ, and DAVID VIZCARRA met for the purpose of discussing the details of the kidnapping. AGUIRRE told VASQUEZ and DAVID VIZCARRA that he would arrange a meeting between CO-CONSPIRATOR A and Victim A at a service plaza in Indiana. After the meeting, VASQUEZ and DAVID VIZCARRA were to kidnap Victim A.

c. On or about December 5, 2007, defendants AGUIRRE and VASQUEZ met at a location in the Northern District of Illinois to finalize the plans for the kidnapping. AGUIRRE gave VASQUEZ his cellular telephone to use during the commission of the kidnapping.

d. On or about December 5, 2007, defendants VASQUEZ, DAVID VIZCARRA, and JACINTO VIZCARRA drove to a service plaza in Indiana where CO-CONSPIRATOR A had arranged a meeting with Victim A. Pursuant to the plan, CO-CONSPIRATOR A met with Victim A at the service plaza.

e. On or about December 5, 2007, after the meeting between CO-CONSPIRATOR A and Victim A, defendants VASQUEZ and DAVID VIZCARRA forced Victim A into a vehicle driven by JACINTO VIZCARRA. Defendants JACINTO and DAVID VIZCARRA then transported Victim A from Indiana to an apartment located at 5214 73rd Street, Apartment 4, in Summit, Illinois.

  f. From on or about December 5, 2007 to December 7, 2007, defendants VASQUEZ and DAVID VIZCARRA remained in the apartment with Victim A at all times and did not permit her to leave. During this time, defendant VASQUEZ placed telephone calls to Victim A's family demanding ransom money in exchange for her return.

  g. Between on or about December 5, 2007 and December 7, 2007, defendant AGUIRRE spoke with Victim A by telephone and informed her that if she did not pay a certain amount of money, she would be sent to Mexico and never return.

  11. It was further part of the conspiracy that defendants AGUIRRE, VAZQUEZ, DAVID VIZCARRA, and JACINTO VIZCARRA would and did conceal the nature and purposes of the conspiracy, and the acts done in furtherance of it;

  All in violation of Title 18, United States Code, Section 1201(c).

## COUNT TWO

The SPECIAL JUNE 2007 GRAND JURY further charges:

From on or about December 5, 2007, to on or about December 7, 2007, at Summit, Illinois, in the Northern District of Illinois, Eastern Division, and elsewhere,

ROGELIO AGUIRRE,
ANTONIO VASQUEZ,
DAVID VIZCARRA,
and JACINTO VIZCARRA

defendants herein, did knowingly and unlawfully seize, confine, kidnap, and hold for ransom a person, namely, Victim A, and did willfully transport Victim A in interstate commerce from Indiana to Summit, Illinois;

In violation of Title 18, United States Code, Sections 1201(a)(1) and 2.

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY